**STATE of Tennessee, Appellee,**

v.

**Elaine BALDWIN, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

July 14, 1993.

A.C. Wharton, Jr., Public Defender, Walker Gwinn, Asst. Public Defender (On Appeal), William Moore Asst. Public Defender (At Trial), Memphis, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, Rebecca L. Gundt, Asst. Atty. Gen., Nashville, John W. Pierotti, Dist. Atty. Gen., Kathi Phillips, Asst. Dist. Atty. Gen., Memphis, for appellee.

*OPINION*

PEAY, Judge.

The defendant was charged in the indictment with the sale of cocaine, possession of cocaine with intent to sell, and possession of cocaine with intent to deliver. She was convicted at a jury trial of the sale of cocaine. For this offense she received a three year sentence which was fully probated. She was also assessed a five hundred dollar ($500) fine.

Through this appeal as of right, the defendant presents three issues for review. In addition to contesting the sufficiency of the evidence, she contends that the trial court erred in failing to instruct the jury on the defense of entrapment. She further alleges that there was insufficient proof of the chain of custody; therefore, the cocaine should not have been allowed into evidence. After reviewing the record in this cause, we find the defendant's issue concerning the sufficiency of the evidence to be meritorious and, therefore, reverse and modify the conviction and sentence on this issue alone.

Only a brief summary of the evidence is necessary to a determination of the defendant's first issue. On March 8, 1989, an undercover officer stopped his vehicle, approached Shun McLeurin, and attempted to purchase cocaine. McLeurin got in the vehicle with the officer, and they proceeded toward an area in Shelby County to attempt a drug purchase. While enroute, McLeurin observed the defendant walking and suggested to the officer that the defendant might be of assistance. The officer stopped the vehicle, and the pair offered to give the defendant a ride home. While doing so, the officer and McLeurin discussed with the defendant their desire to purchase drugs, and the defendant suggested that they go to the Tully Wells area, where she had a nephew who sold drugs. When they arrived at the designated area, McLeurin and the defendant exited the vehicle; the officer gave McLeurin a twenty dollar bill; and McLeurin and the defendant approached two male subjects. The defendant then made a transfer with one of these subjects, after which she and McLeurin returned to the officer's vehicle. Upon their return the officer directed the defendant to "give [him] the rock", and when she had done so, arrests were made.

There was no proof to indicate that the defendant was, in fact, engaged in the business of selling drugs except for the statement that she had a nephew who was a seller. Evidence did show that McLeurin had been assisting the officer in order to share in the use of the purchased cocaine, and some proof indicated that the defendant, who admitted to being a user, intended to share in the consumption of the cocaine. However, while testifying in her own behalf, the defendant denied having ever left the vehicle or having discussed the purchase of drugs. According to her account, her only discussion with these men had concerned her obtaining a ride to her home.

■ Through her first issue the defendant contends that the evidence fails to support the jury's finding that she sold cocaine. The State contends otherwise, relying on the trial judge's charge to the jury of a sale by "aiding and abetting." After reviewing the evidence, we conclude that the proof does not support the State's contention.

■ To be guilty of an offense by "aiding and abetting", the defendant is required to "associate himself [or herself] with the venture, act with knowledge that an offense is to be committed, and share in the criminal intent of the principle in the first degree".

*Hembree v. State,* 546 S.W.2d 235, 239 (Tenn. Crim.App.1976). We find no proof to support a finding that the defendant shared in the criminal intent of the principle as the evidence clearly shows that the only intent evidenced by the defendant was to assist the officer and McLeurin in the purchase of cocaine. Although her actions did, in fact, facilitate the sale, such was not the defendant's evidenced intent. To hold otherwise would mean that every purchaser of drugs would also be guilty of selling by aiding and abetting. We, therefore, agree that the proof was insufficient to support the conviction.[1]

■ We further note that the facts of this case provide a classic example of when the "procuring agent" defense may be used. This defense has always been narrowly construed and not available to a defendant charged with the possession of drugs. However, there was a period of time in which it seemed that the defense could no longer be applied to a prosecution for the sale of narcotics as the concepts of "sale" and "delivery" were thought of jointly. *See State v. Carter,* 636 S.W.2d 183, 184 (Tenn.1982). These are now clearly considered distinct offenses, and we agree that the "procuring agent" defense was effectively abolished where the defendant is charged with the delivery of drugs.[2] However, in the case under review, the defendant was not charged with a delivery. As previously set out, the charges against the defendant were for the sale of cocaine, possession with intent to deliver, and possession with intent to sell. We hold that where the defendant is charged with the sale of drugs, the "procuring agent" defense is still available. In the case under review, the defendant was obviously guilty of delivering drugs and could have been so convicted if properly

charged as the "procuring agent" defense would not have been available to that charge.

■ While our finding merit in the defendant's first contention would seem to make consideration of the remaining two issues unnecessary, we will do so since we are not a court of last resort. Through her second issue the defendant contends that the trial court erred in refusing to instruct the jury as to the defense of entrapment. The trial court is not required to instruct the jury on matters not raised by the proof. *See State v. Mellons,* 557 S.W.2d 497, 499 (Tenn.1977); *State v. Story,* 608 S.W.2d 599, 602–03 (Tenn. Crim.App.1980).

■ To support a charge of entrapment, there would need to be proof that law enforcement officers induced or persuaded an unwilling defendant to commit an unlawful act. *State v. Jones,* 598 S.W.2d 209, 220 (Tenn.1980). This defense was unavailable to the defendant as she claimed that she did not participate in any of the activities involved in the alleged purchase and sale of cocaine. Since there was no factual support for a jury instruction on entrapment, the trial court correctly refused to so charge, and this contention lacks merit.

■ In her third issue the defendant complains that the toxicology report dated in January of 1991 should not have been allowed into evidence since the chain of custody had been broken by a prior sampling of the cocaine in 1989, evidently in connection with testing for the trial of another defendant. We do not agree with this contention.

Officers testified as to the security of the exhibit from the time it had been received from the undercover officer at the scene of the crime until it had been sealed and placed

---

1. The trial court charged the jury on all three counts of the indictment. In doing so, the court directed the jury that these counts were alternative and, thus, the defendant could only be convicted of one count. When the jury returned its verdict of guilty as to count one, this verdict was an acquittal on counts two and three of the indictment. Since the defendant was, in fact, acquitted on counts two and three, double jeopardy prohibitions prevent retrial. *See Conner v. State,* 531 S.W.2d 119, 126 (Tenn.Crim.App. 1975). Had all three counts of the indictment been submitted to the jury for a separate deter-

mination on each count, the trial court could have dismissed any convictions to avoid double jeopardy prohibitions, thereby saving a conviction on the indicted offense of possession with intent to deliver. *See State v. Beard,* 818 S.W.2d 376, 379 (Tenn.Crim.App.1991).

2. T.C.A. § 39–17–402(6) defines delivery as meaning an actual or constructive transfer from one to another whether or not there is an agency relationship.

in the evidence room. Another officer testified as to the procedure he had followed for opening the sealed envelope to obtain samples to submit to the toxicology lab, for delivering these samples to the lab, and for their retrieval. According to the evidence custodian's testimony evidently two samples were taken from the cocaine for testing. He then explained that such procedures were to guarantee the integrity of the evidence.

■■■ As a condition precedent to the introduction of tangible evidence, a witness must be able to identify the evidence or establish an unbroken chain of custody. *State v. Goodman,* 643 S.W.2d 375, 381 (Tenn.Crim.App.1982). While the State is not required to establish facts which exclude every possibility of tampering, the circumstances established must reasonably assure the identity of the evidence and its integrity. *State v. Ferguson,* 741 S.W.2d 125, 127 (Tenn.Crim.App.1987). This issue addresses itself to the sound discretion of the trial court, and the court's determination will not be disturbed in the absence of a clearly mistaken exercise of such discretion. *State v. Beech,* 744 S.W.2d 585, 587 (Tenn.Crim.App. 1987).

At the outset we note that the defendant failed to object to the introduction of the exhibit and, therefore, waived this issue. *See* T.R.A.P. 36(a). However, even if we were to consider the matter, we would find that it lacked merit. The testimony established a reasonable assurance as to the identity of the cocaine, and evidence was introduced by an officer of a field test which had resulted in a positive identification of cocaine. This contention obviously provides no basis for relief.

Nevertheless, based upon our ruling with regard to the defendant's first issue, we reverse and set aside her conviction for selling cocaine and reduce her conviction to simple possession, a lesser included offense of the indicted charge. Her sentence is hereby reduced to eleven months and twenty-nine days and is fully probated on the same terms and conditions previously set by the trial judge. This matter is remanded to the trial court for any necessary proceedings consistent with this opinion.

JONES and TIPTON, JJ., concur.