# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## JANUARY 1999 SESSION



FILED

March 09, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | **NO. 02C01-9806-CC-00189** |
| Appellee, | ) | |
| | ) | **DYER COUNTY** |
| VS. | ) | |
| | ) | **HON. LEE MOORE,** |
| FRANCESCA TURNER and | ) | **JUDGE** |
| CHARLES EDWARD TAYLOR, | ) | |
| | ) | |
| Appellants. | ) | (Aggravated Robbery) |

**FOR APPELLANT TURNER:**

**WILLIAM K. RANDOLPH**
P. O. Box 611
Dyersburg, TN  38025-0611
**(Trial Only)**

**MARCUS REAVES**
313 East Lafayette, Ste. 313
P. O. Box 2062
Jackson, TN  38302-2062
**(Appeal Only)**

**RAMSDALE O'DE NEAL**
118 Baltimore Street
Jackson, TN  38301
**(Appeal Only)**

**FOR APPELLANT TAYLOR:**

**G. STEPHEN DAVIS**
District Public Defender

**H. TOD TAYLOR**
Assistant District Public Defender
208 North Mill Avenue
P. O. Box 742
Dyersburg, TN 38025-0742

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**PETER M. COUGHLAN**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

**C. PHILLIP BIVENS**
District Attorney General
P. O. Drawer E
Dyersburg, TN 38025-2005

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

**O P I N I O N**

Defendants, Francesca Turner (hereinafter "Turner") and Charles Edward Taylor (hereinafter "Taylor"), appeal as of right their conviction by a Dyer County jury of the offense of aggravated robbery. Turner received a sentence of eight years as a Range I standard offender, and Taylor received a sentence of fifteen years as a Range II multiple offender. On appeal, both defendants raise the following issues:

> (1) whether the trial court erred in refusing to allow counsel for both defendants to confer during *voir dire*;
>
> (2) whether the trial court improperly limited the defendants' cross-examination of state witnesses; and
>
> (3) whether the evidence is sufficient to support the guilty verdict.

In addition, Turner contends the trial court erred in refusing to give an alibi jury instruction.[1] Taylor also raises three additional issues:

> (1) whether the trial court erred in determining the admissibility of his prior convictions if he testified;
>
> (2) whether a proper chain of custody was established for the admission of a cap into evidence; and
>
> (3) whether an enhancement factor was properly applied to him.

---

[1]Turner's brief is not in compliance with Tenn. R. App. P. 27 in that it contains no statement of the issues or statement of the case. There are also inadequate citations to the record. Under the "Relief Sought" section of the original brief, she petitions this Court to reverse the trial court's denial of the motion to suppress evidence and the motion for severance of defendants. There is no reference to the record nor any citation of authority. In Turner's supplemental brief, the identical statement is made with an argument in support of the motion to sever defendants. This argument does not contain appropriate references to the record. We consider these issues waived. Tenn. Crim. App. Rule 10(b).

As to the motion to sever, we further reject Turner's argument that a severance was necessary to promote a fair determination of her guilt or innocence. Whether to grant a severance of defendants is left to the sound discretion of the trial court and will not be disturbed unless the defendant is unfairly or unduly prejudiced. State v. Maddox, 957 S.W.2d 547, 556 (Tenn. Crim. App. 1997). We see no reason to disturb the trial court's ruling.

After a careful review of the record, we find no error warranting relief; therefore, the judgment of the trial court is AFFIRMED.

## FACTS

On January 10, 1997, Turner and Taylor drove to the residence of Vandy Taylor (hereinafter "Vandy") in Turner's white car and picked him up.[2] They discussed robbing a Kroger employee when the employee was to make the night deposit. Turner had formerly been employed at Kroger.

They proceeded to a location near the bank night depository. Turner was to pick up Vandy and Taylor after the robbery. Taylor gave Vandy a pistol, and Taylor also had a pistol. Taylor and Vandy went around opposite sides of the building. At approximately 9:25 p.m., as the Kroger employee was about to make the deposit, Vandy confronted her with the pistol and took the money. Taylor stood behind the victim.

Dyersburg Police Officer Ricky Tidwell was on patrol in the vicinity of the robbery when he observed Vandy come from the side of the bank, go to the victim's car and then run back around the bank. At this time the Kroger employee flashed her lights. Tidwell chased and eventually captured Vandy. Tidwell also saw another subject dressed in black wearing a toboggan. Prior to capturing Vandy, Tidwell observed Vandy run by a small white car later identified as Turner's. Upon his capture, Vandy advised the officer that Turner was the driver of the car. Tidwell also recovered the pistol dropped by Vandy during the chase.

Officer Jim Gray responded immediately to the robbery dispatch which advised of a subject "dressed in dark clothes." He observed Taylor, dressed in dark clothing, walking on the street near the bank. Taylor was taken into custody, and a pistol and toboggan were recovered near the location where Gray observed Taylor.

---

[2]According to the proof, Vandy Taylor and defendant, Charles Edward Taylor, are not related.

3

Turner observed the officer chasing Vandy and left the scene in her car. A short while later Turner, accompanied by Vincent Taylor (Vandy's brother), drove back to the robbery scene and was apprehended. Upon being stopped, she asked Vincent Taylor to tell the police that they had been together all day. Vincent Taylor declined to do so.

Turner testified at trial that she had been to the "basketball house" in which college basketball players resided. She left the house and drove through the alley where she observed an officer chasing Vandy. She stated that she left the area, picked up Vincent Taylor at a local nightclub and drove back near the crime scene where she was apprehended. She denied any involvement in the robbery.

Taylor did not testify at trial. His counsel contended the gun and toboggan found did not belong to him, and he was not involved in the robbery.

## *VOIR DIRE*

Turner and Taylor contend the trial court erred in prohibiting the defendants from conferring in the exercise of their peremptory challenges. The state concedes this to be error, but argues it was harmless.

It is error not to allow consultation among defendants as to the exercise of peremptory challenges. State v. Simon, 635 S.W.2d 498, 508 (Tenn. 1982). However, the error may be harmless. Id.

Simon examined several factors in determining harmless error, including (1) whether there were duplicate challenges; (2) whether all peremptory challenges were exhausted; (3) whether any impaneled juror was legally disqualified or incompetent to serve; and (4) whether the final panel was biased or prejudiced. Id. at 508-11. Our review of this record indicates that there were no duplicate challenges; neither defendant exhausted all available peremptory challenges; no juror was legally disqualified or incompetent to serve; and there is no evidence of bias or prejudice of the panel, as finally constituted. The error was, therefore, harmless. Tenn. R. App. P. 36(b).

4

This issue is without merit.

## IMPEACHMENT OF STATE WITNESSES

Both defendants contend they were improperly limited in their cross-examination of Vandy as to his plea agreement. Prior to trial, Vandy entered a guilty plea to aggravated robbery and received an agreed mitigated offender sentence of 7.2 years at 20%. He conceded this in his testimony; however, defendants complain the trial court improperly prohibited them from asking Vandy about his parole date, his calculation of 20% of 7.2 years, the amount of his bond, and whether his jail report date was postponed until after trial.

We agree with the defendants' contention that a state witness may be cross-examined regarding any promises of leniency or any other favorable treatment offered to the witness. *See* State v. Spurlock, 874 S.W.2d 602, 617 (Tenn. Crim. App. 1993). However, we find no reversible error.

Vandy testified his sentence was 7.2 years at 20%. The jury was capable of calculating parole eligibility. Although counsel should have been allowed to ask the witness whether there was leniency with respect to the bond and report date, this error was unquestionably harmless. Tenn. R. App. P. 36(b).

Defendants also complain of the trial court's refusal to allow questioning as to prior juvenile bad acts of witnesses Vandy Taylor, Jimmy Taylor and Vincent Taylor. Since neither defendant makes an appropriate reference to the record where the alleged error occurred, the issue is waived. *See* Tenn. R. App. P. 27(a)(7)and (g); Tenn. Crim. App. Rule 10(b); State v. Schaller, 975 S.W.2d 313, 318 (Tenn. Crim. App. 1997). Nevertheless, we have examined the testimony of the three challenged witnesses with regard to this issue. We agree with defendants' argument that evidence of a juvenile's prior bad acts is admissible if the conduct relates to truthfulness or untruthfulness and is necessary for a fair determination in the criminal proceeding. *See* Tenn. R. Evid. 608(b), (c). However, each witness was impeached with one or more prior convictions or adjudications of guilt. If there

5

was any error with regard to the admission of prior juvenile bad acts, it was harmless.  Tenn. R. App. P. 36(b).

## SUFFICIENCY OF THE EVIDENCE

Turner and Taylor contend the evidence was insufficient to support their conviction of aggravated robbery.  In determining the sufficiency of the evidence, this Court does not reweigh or reevaluate the evidence.  State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).  A jury verdict approved by the trial judge accredits the state's witnesses and resolves all conflicts in favor of the state.  State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). On appeal, the state is entitled to the strongest legitimate view of the evidence and all legitimate or reasonable inferences which may be drawn therefrom.  Id.  This Court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the defendant demonstrates that the facts contained in the record and the inferences which may be drawn therefrom are insufficient, as a matter of law, for a rational trier of fact to find the accused guilty beyond a reasonable doubt.  State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996). Accordingly, it is the appellate court's duty to affirm the conviction if the evidence, viewed under these standards, was sufficient for any rational trier of fact to have found the essential elements of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 317, 99 S.Ct. 2781, 2789, 61 L. Ed.2d 560 (1979);  State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994).

In Tennessee, a conviction may not be based solely upon the uncorroborated testimony of an accomplice.  State v. Bigbee, 885 S.W.2d at 803 (citing Monts v. State, 214 Tenn. 171, 379 S.W.2d 34, 43 (1964)); State v. Allen, 976 S.W.2d 661, 666 (Tenn. Crim. App. 1997).  In the case at bar, the trial court charged the jury that Vandy Taylor was an accomplice whose testimony must be corroborated.

Viewing the evidence in a light most favorable to the state, the evidence

6

showed that Turner, Taylor, and Vandy participated in the planning of the robbery. All knew the robbery was to be accomplished with the use of a deadly weapon. Turner drove Vandy and Taylor to the scene and was to pick them up after the robbery. The aggravated robbery was accomplished, and Taylor was observed near the scene. A pistol and toboggan were found where Taylor was observed and, by Turner's own admission, she was near the scene of the crime at the time of the aggravated robbery.

Vandy was an accomplice to the crime, and his testimony requires corroboration. His testimony was corroborated by state witnesses as well as Turner's admission of being near the scene of the crime.

This was a classic case for the jury. The jury's determination was dependent upon the credibility of the witnesses and proper inferences to be drawn from the evidence. The jury adopted Vandy Taylor's explanation of Turner's involvement and rejected Turner's testimony. This was the jury's prerogative. The jury further concluded, based upon all the evidence, that Taylor was also involved in the robbery. Again, this was the jury's prerogative. The evidence sufficiently supports the verdict.

This issue is without merit.

## ALIBI JURY INSTRUCTION

Turner contends she played no role in the planning or commission of the crime, and her presence in the vicinity of the crime was totally unrelated to criminal activity. She contends the trial court erred in failing to give an alibi jury instruction.

An alibi defense is based upon "evidence which, if believed, would establish that the defendant was not present at the scene of the alleged crime." T.P.I. - CRIM. 42.13 (4th ed. 1995). Since Turner admitted her presence near the scene of the crime, an alibi jury instruction would have been inappropriate. This issue is without merit.

7

## TAYLOR'S PRIOR CONVICTION

Taylor contends the trial court erred in ruling that his prior felony conviction for possession of contraband in a penal institution would be admissible in the event he testified. *See* Tenn. Code Ann. § 39-16-201. The defendant eventually elected not to testify and made no offer of proof.

The defendant's failure to make an offer of proof as to his proposed trial testimony precludes effective appellate review. *See* State v. Baxter, 938 S.W.2d 697, 703 (Tenn. Crim. App. 1996). Furthermore, we conclude the trial court did not err in finding that the probative value of this felony conviction outweighed its unfair prejudicial effect. Tenn. R. Evid. 609(a); *see also generally* State v. Mixon, ___ S.W.2d ___ (Tenn. 1999). This issue is without merit.

## CHAIN OF CUSTODY

Taylor contends the trial court erred in admitting a cap into evidence, as the chain of custody was not properly established. We respectfully disagree.

On the night of Turner's arrest, Officer Porter performed an inventory search of her car. Although he noticed a black leather ball cap in the back seat, he did not think it was significant at the time and did not seize it. Upon learning of its possible significance, Porter subsequently requested the cap. Turner's brother retrieved the cap from a closet and delivered it to Porter. There was further trial testimony indicating that the cap belonged to Taylor.

As a condition precedent to the introduction of tangible evidence, a witness must be able to identify the evidence or establish an unbroken chain of custody. State v. Baldwin, 867 S.W.2d 358, 361 (Tenn. Crim. App. 1993)(citation omitted). While the state is not required to establish facts which exclude every possibility of tampering, the circumstances established must reasonably assure the identity of the evidence and its integrity. Id. This issue addresses itself to the sound discretion of

the trial court, and the court's determination will not be disturbed in the absence of a clearly mistaken exercise of such discretion. Id.

The trial court did not abuse its discretion in admitting this item into evidence. Taylor's objection goes to the weight given this evidence as opposed to its admissibility. This issue is without merit.

## SENTENCING

Finally, Taylor contends the trial court erroneously enhanced his sentence by finding the crime was committed under circumstances creating great potential for bodily injury. *See* Tenn. Code Ann. § 40-35-114(16).[3] Specifically, Taylor contends he cannot be assigned an enhancement factor not attributable to the actual perpetrator, Vandy, who was sentenced as an especially mitigated offender. Taylor contends it was only Vandy's actions that caused the potential for bodily injury to be great. We respectfully disagree.

The sentence received by Vandy Taylor pursuant to a plea agreement is not relevant to the application of enhancement factors relating to Taylor. Furthermore, the evidence indicated that Taylor was in possession of a pistol near the car occupied by two Kroger employees at the time of the actual aggravated robbery by Vandy.

This issue has no merit.

## CONCLUSION

After a careful review of the record, we find no reversible error. Accordingly, the judgment of the trial court is affirmed.

_____

[3]Ordinarily, this enhancement factor may not be used for aggravated robbery. *See* State v. Claybrooks, 910 S.W.2d 868, 872 (Tenn. Crim. App. 1994). However, it may be applied where individuals other than the victim are in the area and subject to injury. *See* State v. Sims, 909 S.W.2d 46, 50 (Tenn. Crim. App. 1995). The evidence shows that there was another Kroger employee in the car with the victim of the aggravated robbery.

_____

**JOE G. RILEY, JUDGE**


**CONCUR:**


_____

**DAVID G. HAYES, JUDGE**


_____

**JOHN EVERETT WILLIAMS, JUDGE**