# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### APRIL, 1998 SESSION

FILED

July 9, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | No. 03C01-9708-CR-00336 |
| | ) | |
| Appellee | ) | |
| | ) | McMinn County |
| vs. | ) | |
| | ) | Honorable, R. Steven Bebb, Judge |
| | ) | |
| | ) | |
| **PHIL WILKERSON,** | ) | (Sale of Cocaine) |
| | ) | |
| Appellant. | ) | |


FOR THE APPELLANT:

CHARLES M. CORN
District Public Defender
P.O. Box 1453
Cleveland, TN 37364-1453

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

CLINTON J. MORGAN
Counsel for the State
Criminal Justice Division
425 Fifth Ave. North
2nd Floor, Cordell Hull building
Nashville, TN 37243-0493

JERRY N. ESTES
District Attorney General
Washington Ave.
Athens, TN 37303

AMY REEDY
Assistant District Attorney General
P.O. Box 647
Athens, TN 37303-1453


OPINION FILED: _____


**AFFIRMED AND REMANDED**


CURWOOD WITT
JUDGE

**OPINION**

The defendant, Phil Wilkerson,[1] was convicted in a bench trial in the McMinn County Criminal Court of two counts of the sale of less than .5 gram of cocaine, a class C felony. As a career offender, he was sentenced to fifteen years, the mandatory maximum penalty, on each count. The trial court ordered that sentences in the instant case run concurrently but that they be served consecutively to a twelve-year sentence on a prior conviction. In this appeal, the defendant contends that the evidence was insufficient to prove that he was the seller of the cocaine rather than a procuring agent for the purchaser and that the trial court erred in running the fifteen-year sentences consecutively to the earlier sentence. We find the evidence sufficient to support the defendant's convictions but remand the case to the trial court for reconsideration of the consecutive sentencing issue.

The defendant waived trial by jury and was tried on two counts of sale of cocaine weighing less than five-tenths of a gram. The defendant was arrested after Heather Morris, an undercover officer for the Athens Police Department, purchased cocaine from him on two occasions. The sales were electronically recorded and monitored by William Matthews, another Athens police officer. The tapes were played for the jury.

According to Officer Morris's testimony, the two transactions followed a similar pattern. At about 11:40 p.m. on October 1, 1996, she drove down Kilgore Street in Athens, an area known for drug sales. The officer was familiar with Wilkerson through her study of the photographs of known street salesmen.[2] When she saw him standing in a group of several men, she pulled over and asked if she could get "a hundred," that is, a hundred dollars worth of cocaine. The defendant

---

[1]     The grand jury indicted the defendant as Phil Wilkerson. Other documents and the briefs indicate that his name is Stanley Phil Wilkerson. In accordance with the custom of this court, we use the defendant's name as given in the indictment.

[2]     She and Officer Matthews both testified that the defendant has very distinctive features. The record does not indicate what those features are.

said, "Yeah, circle the block." She gave the defendant one hundred dollars and drove around the block. When she returned, the defendant gave her eight "rocks" or pieces of cocaine. The second sale occurred on October 4 at about 9:50 p.m. On this occasion, she once again gave one hundred dollars to the defendant. On the tape, the voice identified as the defendant's told her to drive around the block, and he would get the cocaine from some undisclosed third person. After circling the block, she received ten "rocks" of cocaine from the defendant.[3] At another point, the defendant mentioned that he would be "taken care of at the end of the evening." Ms. Morris stated that it was her understanding that the defendant was getting the drugs from a third party. She positively identified the defendant as the person who sold her the cocaine.

The defendant testified in his own behalf and stated that he probably had taken part in the transactions with Officer Morris. He said that as a drug addict he acted as a street seller for a third party. He never received any money from the transactions but generally received some crack cocaine for his own use. Sometimes the third party provided him with some crack, and sometimes he just helped himself to a piece before he delivered it to the customer.

Based on this evidence, the trial judge found the defendant guilty of two counts of the sale of cocaine.

A guilty verdict accredits the testimony of the state's witnesses and resolves all conflicts in favor of the state's theory. State v. Hatchett, 560 S.W.2d 627, 630 (Tenn. 1978). The state is entitled to the strongest legitimate view of the evidence and all reasonable or legitimate inferences which may be drawn therefrom. State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). It is the appellate court's duty to affirm the conviction if the evidence, viewed under these standards,

---

[3] The defense stipulated to the admission of the laboratory reports that indicated that the material Officer Morris received from the defendant contained cocaine.

was sufficient for any rational trier of fact to have found the essential elements of the offenses beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 317, 99 S. Ct. 2781, 2789; State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994); Tenn. R. App. P. 13(e). The appellate court will not disturb a verdict of guilty due to sufficiency of the evidence unless the facts contained in the record, together with appropriate inferences, are insufficient as a matter of law to sustain the verdict. State v. McPherson, 882 S.W.2d 365, 369 (Tenn. Crim. App. 1994).

To convict a defendant of the sale of cocaine, the state must prove that the defendant knowingly sold a controlled substance. Tenn. Code Ann. § 39-17-417(a)(3) (1997). The defendant does not deny that he gave Officer Morris baggies containing crack cocaine. In fact, he stipulated that each baggy contained .4 gram of a substance containing cocaine. Nor does he contend that he acted unknowingly when he received the money and delivered the cocaine to Officer Morris.[4] The defendant contends that the evidence does not prove that the transactions constituted sales. He relies upon this court's holding in State v. Baldwin, 867 S.W.2d 358 (Tenn. Crim. App. 1993), to argue that as the "procurer" of the cocaine, he may be convicted only of simple possession. For the reasons discussed below, we find that the defendant's transactions with Officer Morris were sales and that the evidence submitted at trial is more than sufficient to prove that the defendant is guilty of knowingly selling cocaine.

The defendant's reliance on Baldwin is misplaced. In Baldwin, this court modified the defendant's conviction for selling cocaine to one for possession. Id. at 359. The undercover officer in Baldwin offered to give the defendant a ride home. Neither Baldwin nor another man who was riding in the car knew that the driver was a police officer. Id. When the undercover officer and the other man

---

[4] "Knowing" refers to a person who acts knowingly with respect to the conduct or to circumstances surrounding the conduct when the person is aware of the nature of the conduct or that the circumstances exist. . . ." Tenn. Code Ann. § 39-11-302 (1997).

4

discussed purchasing drugs, Baldwin suggested that they drive to the area where her nephew might have some for sale. When she spotted her nephew, the other man took a twenty-dollar bill from the officer. Id. He and Baldwin approached a man who accepted the money and handed the defendant a "rock." Upon their return to the car, the officer directed the defendant to give him the rock. When she complied, the officer arrested her. Id. In modifying the conviction, this court found that, although her actions had facilitated the sale, the fact that she brought the drugs back to the car was insufficient to establish her intent to participate in the sale. Id. at 360.

The facts of this case prove beyond a reasonable doubt that the defendant participated in two sales of cocaine. In State v. William (Slim) Alexander, No. 01C01-9302-CR-00063, slip op. at 4 (Tenn. Crim. App., Nashville, Mar. 24, 1994), this court adopted the general definition of "sale" found at Black's Law Dictionary 1200 (5th ed. 1979) as "a contract between two parties by which the seller, in consideration of the payment or promise of payment of a certain price in money, transfers to the buyer the title and possession of the property." Alexander, slip op. at 4. According to this definition, a sale consists of two broad components: a bargained-for offer and acceptance, and an actual or constructive transfer or delivery of the subject matter property. Id. In this case, Officer Morris offered to purchase a certain amount of cocaine for a given price. The defendant accepted the payments. One who accepts payment in exchange for property is involved in a sale. State v. David Henning, No. 02C01-9404-CC-00079, slip op. at 5 (Tenn. Crim. App., Jackson, Oct. 26, 1994). In both transactions, Wilkerson not only accepted the payment but delivered the property as well. In Baldwin, on the other hand, the defendant pointed out the person who was selling drugs, accompanied a third person who had the money to the transaction and then carried the controlled substance from the seller to the undercover officer. Thus the court found that the evidence was not sufficient to demonstrate that the defendant had the intent to participate in a sale. In this case, however, Wilkerson's actions satisfy the two

5

broad requirements of a "sale." See Alexander, slip op. at 4. In both transactions he accepted an offer and delivered the property. We find that the evidence in the record is sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant participated in knowing sales of cocaine on October 1 and October 4, 1996. See State v. Michael Wayne Henry, No. 02C01-9611-CC-00382, slip op. at 9-12 (Tenn. Crim. App., Jackson, May 29, 1997).

In his second issue, the defendant contends that the trial court erred by ordering him to serve the two concurrent fifteen-year sentences consecutively to a previous twelve year sentence. The defendant argues that the trial judge erred in finding that the law required the court to run the fifteen-year sentences consecutively to his earlier sentence and that a twenty-seven year sentence is disproportionate to the seriousness of the offenses. Because the law does not mandate consecutive sentencing in this instance, we remand the case to the trial court for reconsideration of the issue of concurrent and consecutive sentencing in light of Rule 32 (c) of the Tennessee Rules of Criminal Procedure and Tennessee Code Annotated sections 40-35-115 and 310.

At the conclusion of the sentencing hearing, the trial court found that the defendant was a career offender with nine prior B and C felonies and sentenced him on both counts to the maximum sentence within the applicable range as required by Tennessee Code Annotated section 40-35-108(a)(1). The trial judge also found that (1) deterrence was a requirement because of the increase in cocaine use in McMinn County; (2) although the defendant was presently addicted to cocaine, he had previously lived a productive life; (3) the defendant had committed numerous crimes since 1993; (4) he had demonstrated an unwillingness to comply with conditions of release; and (5) he was on probation when he sold the cocaine to Officer Norris. The trial judge stated:

> I guess the only thing that I can do, that I feel like I can do is to run those two sentences concurrently, that is, at the same time. However, since they were committed at a time when you were on probation from this court

6

> these sentences <u>must run consecutive to your priors</u>, which were all concurrent type things, for a total of twelve years. (Emphasis added).

The court then sentenced the defendant to an effective sentence of 27 years with 15 years to be served at 60% as a career offender.

The trial court apparently believed that if a defendant were on probation when the current offense was committed, he had no choice but to run the sentence for the current offense consecutively to the unexpired sentence.[5] The law does not mandate such a result. <u>See</u> Tenn. Code Ann. §§ 40-335-115(b), -310 (1997); Tennessee Rules of Criminal Procedure 32(c).

The procedure the trial court must follow in deciding whether or not a sentence should be served concurrently or consecutively with an unexpired sentence is set out in Rule 32(c)(2) of the Tennessee Rules of Criminal Procedure:

> Sentence When Defendant Has Prior Sentence Not Fully Served. -- If the defendant has additional sentences not yet fully served as the result of convictions in the same court or in other courts of this state and if this fact is made known to the court prior to sentencing, the court shall recite this in the judgment setting sentence, and the sentence imposed shall be deemed to be concurrent with the prior sentence or sentences, unless it affirmatively appears that the new sentence being imposed is to be served consecutively with the prior sentence or sentences.

This court has previously held that the exercise of discretion given the trial court by Tennessee Rules of Criminal Procedure 32(c)(2) essentially involves the consideration of the sentencing criteria provided in Tennessee Code Annotated section 40-35-115(b) (1990). <u>State v. Larry G. Hart</u>, No. 02C01-9406-CC-00111 (Tenn. Crim. App., Jackson, June 28, 1995), <u>opinion on pet. for reh'g</u> (Tenn. Crim.

---

[5] The court may have been thinking of the Tennessee Code Annotated section 40-20-111(b) which requires the imposition of consecutive sentences when the defendant commits a felony while he is on bail and is convicted for both offenses.

App., Jackson, Jul. 26, 1995).[6]  In Hart, the trial court stated that a consecutive sentence was mandatory because the offense was committed while the defendant was serving a sentence on community corrections.  Slip op. at 11.  The panel remanded the case to the trial court to allow the trial court to exercise its discretion in determining whether the sentence in the case at bar should run concurrently with or consecutively to the prior sentence.  Slip op. at 12.   Such a remand is appropriate in this case as well.

The Hart court instructed the trial court to proceed according to rule 32(c)(2) of the Tennessee Rules of Criminal Procedure.  However, in determining whether the sentence imposed should be served concurrently with or consecutively to the prior sentence, the trial court should consider the statutory criteria set forth in Tennessee Code Annotated section 40-35-115.[7]

Upon remand, the trial court in this case has the discretion to order that the fifteen-year sentences be served concurrently with or consecutively to the unexpired twelve-year sentence. In making this determination, the trial judge should consider the statutory criteria in Tennessee Code Annotated section 40-35-115 as well as the purposes and principles of the Sentencing Reform Act of 1989.  See Tenn. Code Ann. §§ 40-35-102, -103 (1997).   Consecutive sentences should not be routinely imposed and the aggregate maximum of consecutive terms must be

_____

[6]     See also State v. Michael W. Kaufmann, No. 03C01-9607-CC-00260, slip op. at 3 (Tenn. Crim. App., Knoxville, Oct. 22, 1997); State v. Charles Clay Young, No. 01C01-9605-CC-00195, slip op. at 15 (Tenn. Crim. App., Nashville, Aug. 15, 1997); State v. Lisa Gaye Copeland, No. 03C01-9605-CC-00196, slip op. at 6 (Tenn. Crim. App., Knoxville, May 13, 1997); State v. Thomas Edward Capps, No. 01C01-9506-CC-00164, slip op. at 4 (Tenn. Crim. App., Nashville, Feb. 29, 1996).

[7]     Another statutory basis for ordering consecutive sentencing in this situation is found in Tennessee Code Annotated section 40-35-310 which provides that
> [i]n any case of revocation [of probation] on account of conduct by the defendant which has resulted in a judgment of conviction against him during his period of probation, the trial judge may order that the term of imprisonment imposed by the original judgment be served consecutively to any sentence which was imposed upon such conviction."

This section as well as section 40-35-115(b)(6) allows for consecutive service of the prior unexpired sentence.  See State v. Moore, 942 S.W.2d 570, 573 (Tenn. Crim. App. 1996).

reasonably related to the severity of the offenses involved. Tenn. Code Ann. § 40-35-115 Sentencing Comm'n Comments (1997). Lengthy consecutive sentences may be imposed when such confinement is necessary to protect society against further criminal conduct. Tenn. Code Ann. § 40-35-103 (1) (1997). If the trial judge again orders consecutive sentences, he should state in his order the statutory provisions on which he relies and make the specific findings of facts which support consecutive sentencing. See Tenn. R. Crim. P. 32(c)(1).

We affirm the defendant's convictions and the two fifteen-year concurrent sentences for the sale of less than .5 gram of cocaine. This case is remanded to determine whether the sentence should be served concurrently with or consecutively to the prior sentence.

_____
CURWOOD WITT, Judge

CONCUR:

_____
PAUL G. SUMMERS, Judge

_____
JERRY L. SMITH, Judge

9