IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

SEPTEMBER 1999 SESSION

FILED

Ocotober 21, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | NO. 02C01-9901-CR-00005 |
| Appellee, | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | |
| | ) | HON. CHRIS CRAFT, |
| LORENZO N. PERRY, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Possession of Cocaine |
| | | With Intent to Deliver) |

**FOR THE APPELLANT:**

**A.C. WHARTON**
Shelby County Public Defender

**WALKER GWINN**
Assistant Public Defender
201 Poplar Avenue, Suite 201
Memphis, TN 38103-1947
(On Appeal)

**CHARLES WALDMAN**
147 Jefferson Avenue
Suite 1102
Memphis, TN 38103-2218
(At Trial)

**FOR THE APPELLEE:**

**PAUL G. SUMMERS**
Attorney General and Reporter

**PETER M. COUGHLAN**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

**WILLIAM L. GIBBONS**
District Attorney General

**SCOTT D. GORDON**
Assistant District Attorney General
201 Poplar Ave., Suite 301
Memphis, TN 38103-1947

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY, JUDGE**

**OPINION**

A Shelby County jury found defendant guilty of possession of .5 grams or more of cocaine with intent to deliver. In this appeal as of right, defendant claims the evidence was insufficient to sustain the conviction. We find the evidence is sufficient to support the verdict and **AFFIRM** the judgment below.

**FACTS**

On February 12, 1997, two police officers with the Shelby County organized crime unit were patrolling an area known for drug activity. The officers witnessed a woman give defendant an unknown amount of money in exchange for an unidentified substance. The officers pulled up behind the defendant, and one of the officers exited the vehicle. When the defendant saw the officer, he ran and the officer pursued him. The second officer then exited the vehicle, told the woman to remain where she was, and went around the building in an attempt to cut off the defendant's escape route.

While the defendant was being chased, one of the officers observed the defendant throw a package. After apprehending the defendant, the officer retrieved the package and conducted a field test on the substance contained in the package. The field test was positive for cocaine. Laboratory tests determined the substance to be 4.5 grams of cocaine.

**DEFENDANT'S CONTENTIONS**

The defendant claims that the State failed to prove the package containing cocaine was in the defendant's possession. The defendant contends that since

2

officers never found cocaine on his person, or on that of the woman who allegedly gave him money, no rational trier of fact could find him guilty of possession of cocaine with intent to deliver. In addition, defendant argues the State failed to provide an adequate chain of custody to show the substance tested was from the package found at the scene.

## STANDARDS OF REVIEW

### A. Sufficiency of the Evidence

Although the evidence of defendant's guilt is circumstantial in nature, circumstantial evidence alone may be sufficient to support a conviction. State v. Tharpe, 726 S.W.2d 896, 899-900 (Tenn. 1987); State v. Buttrey, 756 S.W.2d 718, 721 (Tenn. Crim. App. 1998). However, for this to occur, the circumstantial evidence must be consistent with guilt of the accused, inconsistent with innocence, and must exclude every other reasonable theory or hypothesis except that of guilt. Tharpe, 726 S.W.2d at 900.

While following the above guidelines, this Court must remember that the jury decides the weight to be given to circumstantial evidence and that "[t]he inferences to be drawn from such evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence are questions primarily for the jury." Marable v. State, 313 S.W.2d 451, 457 (Tenn. 1958); *see also* State v. Gregory, 862 S.W.2d 574, 577 (Tenn. Crim. App. 1993); State v. Coury, 697 S.W.2d 373, 377 (Tenn. Crim. App. 1985).

When reviewing the trial court's judgment, this Court will not disturb a verdict of guilt unless the facts in the record and inferences which may be drawn from it are insufficient as a matter of law for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781,

3

2789, 61 L.Ed.2d 560 (1979); Tenn. R. App. P. 13(e); State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

### B. Chain of Custody

As to the chain of custody, the state is not required to establish facts which exclude every possibility of tampering; however, the circumstances established must reasonably assure the identity of the evidence and its integrity. State v. Baldwin, 867 S.W.2d 358, 361 (Tenn. Crim. App. 1993). This issue addresses itself to the sound discretion of the trial court, and the court's determination will not be disturbed in the absence of a clearly mistaken exercise of such discretion. *Id.*

### ANALYSIS

We find the State presented sufficient evidence to support a conviction for possession of .5 or more grams of cocaine with intent to deliver. Given the amount of cocaine that was recovered and the relevant facts surrounding the defendant's arrest, it can be inferred that defendant possessed the cocaine with the intent to deliver. *See* Tenn. Code Ann. §39-17-419.

With regard to the amount, Sergeant Woody testified that the amount of cocaine in the package defendant discarded was much more than would be possessed for personal use. The package recovered by police contained over 4.5 grams, which is eight or nine hundred dollars worth of crack cocaine. This amount, combined with the circumstances surrounding defendant's arrest, provides sufficient evidence for the jury to infer defendant possessed over .5 grams of cocaine with the intent to deliver.

The defendant also contends the evidence was insufficient because the state

4

failed to adequately establish that the substance introduced at trial was the same substance thrown by the defendant as he fled from police. We disagree.

Officer Lawrence, the officer who retrieved the package from the ground, testified that he took it to the station, tested it again, weighed it, tagged the evidence, heat-sealed it in an envelope and left it in the property room. A property number was assigned to the evidence and placed on the arrest warrant. Lawrence testified that the envelope marked "Exhibit 1" was the same one he recovered at the time of defendant's arrest.

Sergeant Woody testified that he retrieved the envelope from the property room and took a sample to the toxicology lab. The sample was labeled with the same property number as the original package. He identified exhibit one as the package from which the sample was taken and exhibit two as the sample which was tested. The original package was returned to the property room.

The toxicologist placed the sample in the evidence room until she tested it. She identified exhibit two as the sample she tested. The sample was returned to the property room where it remained until trial.

The state presented sufficient evidence for the trial court to determine a proper chain of custody had been established. We find no reason to disturb that ruling.

## CONCLUSION

Based on the foregoing, we **AFFIRM** the judgment of the trial court.

_____

                                        **JOE G. RILEY, JUDGE**

**CONCUR:**

_____

**DAVID G. HAYES, JUDGE**

_____

**THOMAS T. WOODALL, JUDGE**