3L 565
11L 566

STATE OF TENNESSEE *v.* E. D. STALEY.

1. CRIMINAL LAW. *Grand Jury. Inquisitorial Powers. Institutions of Learning.* The Grand Jury have inquisitorial powers in case of selling liquor within four miles of an incorporated institution of learning.

2. SAME. *Technichalities.* The day for escaping the consequencies of crime on mere technicalities, not going to the protection of essential right, has gone by, and violators of law had as well accept the fact and act accordingly

FROM PUTNAM.

Appeal from the Circuit Court of Putnam county. R. CANTRELL, J., sitting by interchange with Judge McConnell.

ATTORNEY-GENERAL LEA for the State.

C. MARCHBANKS for Staley.

FREEMAN, J., delivered the opinion of the court.

This is a presentment by the grand jury, found on information of a witness sent before the grand jury under the inquisitorial power of the grand jury. It is for selling liquor, or tippling, within four miles of an incorporated institution of learning, the language being, "did unlawfully sell and tipple intoxicating beverages, to-wit, whiskey and brandy, within four miles of an incorporated institution of learning, contrary to the form of the statute in such cases," etc.

Several objections were made in the motion to quash, which was sustained by the court below. First, that the name of the institution of learning is not stated. We have ruled this not to be a valid objection in the case of *Odom* v. *The State*, 2 Lea, 220. Because the exceptions in the statute are not negatived. This is not necessary in this case, the exceptions not being in the enacting clause. Next, because of the exercise of the inquisitorial power of the grand jury.

The offense defined by the statute is, "selling or tippling" intoxicating liquors. By section 5087, and sub-sections, the grand jury have inquisitorial power whenever they or any of them suspect a violation of the laws against "gaming, illegal voting, tippling, disturbing public worship," etc.

This being a case of tippling, is clearly included under this statute. In enacting a new case of tippling and inflicting penalties for it, there was no need that the Legislature should expressly add that inquisitorial power was given to the grand jury. The law

had already given it in all such cases, and this was included as soon as the offense of tippling defined in the statute was established.

The next objection is, that the person to whom the liquor was sold is not named.* This objection we hold untenable, following several cases heretofore decided by this court. Such as sale of liquor on Sunday.

The principle is, that it is selling at all within four miles of such an institution that is the essence of the offense, and not the person to whom sold. Any party can readily avoid liability to the penalties of the statute by abstaining from selling within the prohibited distance, and if he fails do so he ought to suffer for his wrong. The day for escaping the consequences of crime on mere technicalities, not going to the protection of essential right, has gone by, and violators of law had as well accept the fact and act accordingly.

The judgment quashing the presentment is reversed, and cause remanded to be proceeded in.