11L 202
13L 73

## JESSE W. PAGE *v.* THE STATE.

CRIMINAL LAW. *Sale of liquor. Witness. Contempt.* The statute making it a criminal offense to retail spirituous liquors on Sunday is intended to punish the seller, not the buyer, and the latter may therefore be compelled to testify as a witness on the trial of an indictment against the seller, and may be punished for contempt in refusing to testify.

### FROM SHELBY.

Appeal in error from the Criminal Court of Shelby county. L. B. HORRIGAN, J.

LUKE E. WRIGHT for Page.

ATTORNEY-GENERAL LEA for The State.

Page *v.* The State.

COOPER, J., delivered the opinion of the court.

Page was called as a witness on behalf of the State on the trial of an indictment against one Galloway for retailing liquors on Sunday. He had not been before the grand jury on the finding of the indictment. Being asked whether he had purchased liquor on Sunday within twelve months before the finding of the indictment, he declined to answer upon the ground that his answer might tend to criminate him. The Attorney-General then stated that he would not prosecute Page if he would answer. The witness still refused to answer upon the same ground that he could not be compelled to criminate himself. The court therefore adjudged Page to be guilty of contempt in refusing to answer questions and testify as a witness. Page appealed in error.

The question, it will be noticed, was unnecessarily broad. Conceding it, however, to have been proper, and that the answer of the witness would have shown a purchase by him from Galloway of liquor on Sunday within twelve months, it is clear that the witness could not be compelled to answer if the answer would have rendered him liable to a criminal charge for the same offense: 1 Gr. Ev., sec. 451. The statement of the Attorney-General was only morally obligatory on him, and was not such a protection from a criminal charge as a witness is entitled to by law to deprive him of the right not to be called on to criminate himself. The correctness of the judgment below turns upon whether the appellant was liable to an

indictment as the purchaser of the liquor for the sale ·of which Galloway was being tried.

The statute is: "No licensed grocer or other ·person in this State shall retail spirituous liquors on Sunday. The punishment of this offense shall be ·fine and imprisonment at the discretion of the court": Code, sec. 4861. The offense provided against is the sale by retail of spirituous liquors on Sunday. It is the act of retailing on that day that constitutes the essence of the, offense, not the person to whom the sale has been made. It has consequently been held that the indictment need not specify the purchaser. And Nicholson, C. J., in delivering the opinion of the court, says: "It (the statute) is intended to punish those who sell, and not those who buy the liquor": *State* v. *Hickerson,* 3 Heis., 375. The court has reached the same conclusion in relation to the statute which prohibits the sale of intoxicating beverages within four miles of an incorporated institution of learning. The indictment need not, therefore, specify the person to whom the sale was made: *State* v. *Odam,* 2 Lea, 220; *State* v. *Staley,* 3 Lea, 566. And the buyer of the liquor is not indictable: *Harvey* v. *State,* 8 Lea, 113. In this view, the appellant would not have exposed himself to a criminal charge by his answer, and was guilty of a contempt in not testifying: Code, sec. 4106, sub-sec. 3; sec. 3823.

No point is made as to the right of the appellant to appeal from the judgment: *Brooks* v. *Fleming,* 6 Baxt. 331; *Hundhausen* v. *Insurance Co.,* 5 Heis. 702.

Affirm the judgment.