GALBREATH *et al. v.* STATE.

(*Knoxville*, September Term, 1948.)

Opinion filed December 11, 1948.

OLEN HENDERSON, of Oak Ridge, and T. R. CHADWICK, of Clinton, for plaintiffs in error.

NAT TIPTON, Assistant Attorney General, for the State.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

Each of these defendants was separately indicted for unlawfully selling whiskey. By agreement the cases were consolidated and tried together. Each defendant was convicted and has appealed.

The first error assigned is that the Court should have sustained their respective motions to quash the indictments because they do not allege the name of the person who bought the whiskey alleged to have been sold by each defendant. These indictments allege the dates of sale.

The same insistence was made in *State* v. *Staley*, 71 Tenn. 565, and there held untenable, the Court saying that "it is the selling at all—that is the essence of offense, and not the person to whom sold." The question was again made in *Page* v. *State*, 79 Tenn. 202, 203, and again this Court held that "the indictment need not, therefore, specify the person to whom the sale was made".

It is next insisted that the indictments were unfairly prejudicial to the defendants in that they contained four counts, although the State had no reason to believe the defendants guilty of the three counts charging (1) sale without a dealer's license, and (2) unlawful storage without such license, and (3) unlawful storage for sale beyond the corporate limits of towns of more than one thousand population in Anderson County.

█ There is no citation of any decision upholding the insistence just stated, nor is there anything in this record to indicate that the State had no reason to believe the defendants guilty of the offenses charged in those counts. The insertion of several counts charging kindred offenses which the proof may develop to be a violation of one statute or another is a common and approved practice, and tends to a much more rapid dispatch of the business of the Court. We do not think such practice is either unfair or prejudicial to defendants.

The fourth count charges the unlawful sale of whiskey for a valuable consideration. The jury returned a general verdict of guilty. It is insisted that the evidence preponderates against that verdict.

Each of these four defendants was a taxi cab driver at Oak Ridge. Apparently the police there suspected these young men of being engaged in the unlawful sale of whiskey. Therefore, three detectives were engaged and furnished funds to pay for whiskey which these taxi drivers might at their suggestion sell them. These detectives rented two or three rooms at a hotel in Oak Ridge and then contacted at different times each of these defendants for the purpose of purchasing whiskey. The proof is that each defendant then delivered whiskey to these detectives and was paid for it.

In as much as plaintiffs in error Chambers and Sharp did not testify or offer any proof in their behalf, one insistence made for the other two defendants who did testify is not applicable to Chambers and Sharp. Therefore, the evidence upon which Chambers and Sharp were convicted is considered first.

Detectives Griswold and Zumstein testified that Zumstein phoned Chambers on the night of April 16, 1948 from the hotel. Chambers then came to his room and when asked whether he ''had any whiskey'' he said ''yes'', but that ''he was just about out'', and intended ''to go get some more''. Chambers then left and returned in about fifteen minutes with two pints of Schenley's Whiskey for which he charged and was paid $9.00. It is shown by the testimony of a retail liquor dealer that the retail price of that brand of whiskey was at that time $2.70 a pint.

These same two detectives testified that on the night of April 16, 1948 plaintiff in error Sharp came to their hotel room and they ''asked him if he had some whiskey and he said he did.'' He then left and soon returned with two pints of Calverts Reserve Whiskey for which he charged and they paid him $10.00. The retail price of that brand of whiskey is shown to be $2.70 a pint. When this transaction was completed, according to these detectives, Sharp said to them that if they ''wanted any more—call him and if he wasn't there to just call any of them and they would send it''.

█ Since there is no contradiction or denial of any of this evidence with reference to Chambers and Sharp, it necessarily results that the only conclusion which can be reached as to them is that the evidence does not preponderate against the verdict. It is unnecessary to dis-

cuss in detail the testimony offered by the State with reference to the delivery of whiskey by plaintiffs in error, Galbreath and Myers, respectively, to these detectives on the date specified in the indictment in exchange for a specified sum of money then paid to each of them. Galbreath and Myers each testified, and each admitted delivery of the whiskey and, in return, receipt of that money.

Galbreath and Myers further say, however, that in response to the request of these detectives, they went to an unidentified bootlegger and from him procured and paid for the whiskey and delivered it to these detectives at their hotel room, and in return were paid by way of reimbursement only the amount which they had each actually expended for the whiskey plus a taxi cab fee of $1.50 and $1.00, respectively.

 Based upon their testimony just stated, Galbreath and Myers insist that in these transactions each was acting exclusively as agent of the buyers of the whiskey. They seek to have applied to the insistence just stated the rule that the mere purchase of whiskey is not a violation of the statute prohibiting its sale, except as provided by code section 11210. They are not indicted for a violation of that code section.

 The rule that one who acts merely as agent of another in purchasing whiskey is not thereby guilty of violating a statute which prohibits a sale does not apply when the agent is interested in the sale. In 30 American Jurisprudence, page 408, the general rule is stated to be that if "the agent is interested in the unlawful sale he may be convicted of a violation of the law". The exception stated may have resulted from the fact observed by this Court in *Kelly & Co.* v. *State*, 123 Tenn. 516, 535,

132 S. W. 193, 198 wherein it was said that the interposing of the common defense of agency to the purchaser in an unlawful sale of whiskey is a "subterfuge operated in many instances to relieve really guilty parties of the penalties of the law". However that may be, the making of this exception to the rule is sound on principle, and in accord with the uniform policy of Courts to eliminate subterfuges adopted for the purpose, or having the effect of defeating the intended strict enforcement of statutes prohibiting the sale of intoxicating liquor. As illustrative of this policy is the holding of this Court in *Brown* v. *State*, 121 Tenn. 186, 193, 114 S. W. 198, 200, that an "exchange of whisky for whisky" is a violation of the law prohibiting the sale of whiskey.

So, it is not necessary to determine whether Galbreath and Myers were in fact and law the agents of the buyer or of the sellers in these whiskey sale transactions, since the rule invoked by them is not applicable to the facts admitted by these two men. Accepting their testimony as a fact of this case, that fact discloses that each of these men had a personal financial interest in the completion of the sale in which each admittedly participated; to-wit, the receipt of a substantial taxi cab fee in each case by reason of the successful consummation of the sale. Each expected and received compensation for bringing the sale to a successful conclusion. Each, therefore, comes within the exception whereby an agent of the purchaser who is financially interested in the completion of the sale is guilty of violating the statute prohibiting such sale.

By two assignments of error it is insisted that the charge to the jury is prejudicially erroneous. These insistences are predicated upon the assumption that the

transaction testified to by the plaintiffs in error brought them within the rule that purchasers are not guilty of violating a statute prohibiting the sale of intoxicating liquor. Our holding upon that question disposes of the complaints with reference to the charge.

The judgments are affirmed.

All concur.