STATE of Tennessee, Plaintiff-Appellant,

v.

Edmond Allen CARTER,
Defendant-Appellee.

Supreme Court of Tennessee,
at Knoxville.

July 12, 1982.

Gordon W. Smith, Asst. Atty. Gen., Nashville, for plaintiff-appellant; William M. Leech, Jr., Atty. Gen., of counsel.

C. Berkeley Bell, Jr., Greeneville, for defendant-appellee.

## OPINION

BROCK, Justice.

The defendant was charged in a presentment with the sale of a controlled substance but was acquitted of that charge and instead convicted of the included lesser offense of simple possession of a controlled substance and received a sentence of 11 months 29 days in jail. On his appeal to the Court of Criminal Appeals that court reversed his conviction and remanded for a new trial, concluding that the trial court had erred in failing, sua sponte, to charge the jury with respect to the alleged "procuring agent defense," also known as the "purchasing agent defense." We granted the State's application for permission to appeal so that we might review the action of the Court of Criminal Appeals.

We recite the salient facts in the record. On March 5, 1979, Jim Richards, an undercover Greene County narcotics officer, accompanied by Phil Roark, proceeded to a pool hall at Mosheim, Tennessee. Richards was on duty looking for drugs. The defendant Carter approached Richards' car and Roark introduced defendant Carter to Richards. After a brief conversation, Richards asked defendant Carter if he knew where he could get some "pot" and the defendant replied that there was a new kind in the area and left the scene. About 10 minutes later the defendant Carter returned with his co-defendant, Douglas Hipps, and introduced Hipps to Richards. At this point defendant Carter got into the back seat of Richards' automobile and handed a bag of marijuana to Richards. Hipps at this point told Richards that the bag would be $50.00 and, after examining the bag, Richards handed to Hipps, who was standing outside the car, two $20.00 bills and one $10.00 bill. Richards and Roark then left the scene and returned to Greeneville where Richards turned the marijuana over to agent Bob Baird the next day.

At the trial the defendant Carter offered no proof, but evidence was introduced from which it might have been found that defendant Carter acted only as an agent for Richards, the purchaser, in the transaction. Accordingly, the defendant requested the trial judge to charge as follows:

"I charge you ladies and gentlemen that a person acting only as the agent of the buyer of a narcotic substance cannot be convicted of a crime of selling narcotics if the defendant did not sell the substance, but acted as merely the procuring agent for Jim Richards at Jim Richards' request, and the defendant received no benefit from the transaction, and if the de-

fendant was in no way interested except on behalf of Jim Richards, the jury must return a verdict of not guilty. If the defendant is in no way interested, but acted solely as the agent of Jim Richards he is not guilty of making a sale and, therefore, the jury must return a verdict of not guilty."

The trial judge refused to give the requested instruction. As noted above, the jury acquitted the defendant of the charge of a sale of a controlled substance but did find him guilty of the included lesser offense of simple possession of a controlled substance.

The Court of Criminal Appeals, noting that T.C.A., § 52–1409(f), defines "deliver" or "delivery" to mean the "actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship," held that the defense of "procuring agent" was not available to one charged under the Tennessee Drug Control Act of 1971 with the offense of delivering or selling a controlled substance, T.C.A., § 52–1432(a), and, therefore, that the trial court correctly denied the requested instruction above quoted. Nevertheless a majority of that court, Judge Dwyer dissenting, held that, pursuant to the duty of the court to give a complete charge of the law in criminal cases applicable to the facts of the case, State v. Thompson, Tenn., 519 S.W.2d 789, 792 (1975), the trial judge should have instructed the jury with respect to the "procuring agent" defense, substantially as hereinabove set out in the quoted request, for consideration of the offense of simple possession. A majority of that court further held that failure to give the "procuring agent" charge, sua sponte, constituted reversible error.

We hold that the Court of Appeals erred; there was no duty to instruct respecting the "procuring agent" defense because such a defense is not available to one charged with unlawful possession of a controlled substance as prohibited by T.C.A., § 52–1432(b), which provides:

"It is unlawful for any person knowingly or intentionally to possess a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by §§ 52–1408—52–1448."

Under the plain wording of this statute, possession of a controlled substance as "procuring agent" for a purchaser is an unlawful possession.

We have been cited to no authority and have found none which recognized such a defense to the charge of possessing a contraband substance. Moreover, the court in United States v. Sawyer, 210 F.2d 169 (1954), generally regarded as the genesis of the "procuring agent" defense to a charge of selling unlawful drugs or other contraband, specifically excluded illegal possession as an offense for which the "procuring agent" defense would apply. Thus, the court there said:

"The government having elected to charge the defendant with the crime of sale rather than illegal possession, the jury should have been alerted to the legal limitations of the sale concept in relation to the circumstances of this case." (Emphasis added.) 210 F.2d at 170.

The legislature having expressed its purpose in T.C.A., § 52–1409(f), above quoted, to deny the "procuring agent" defense to one charged with selling or delivering a controlled substance, we are unable to attribute to that body an intention by the same legislative enactment to allow the defense to one charged with unlawful possession of a controlled substance. Such a defense has never been recognized in this State, or, insofar as we are able to determine, in any other jurisdiction as available to one charged with possession of a controlled substance or other contraband. The only recognition of the defense in our law is found in Galbreath v. State, 187 Tenn. 669, 216 S.W.2d 689 (1948) in which it was held that the defense was not available to a taxicab driver charged with selling intoxicating liquors, the proof showing that he was finan-

185

cially interested in the sale in that he charged and received a cab fare in connection with the sale. The defense has never been more than a highly technical one applicable only for one charged with the sale as distinguished from a purchase of a controlled substance or other contraband.

We, therefore, hold that the trial court was not in error in failing, *sua sponte*, to charge the jury with respect to the "procuring agent" defense and that the Court of Criminal Appeals was in error in holding to the contrary. Accordingly, the judgment of the Court of Criminal Appeals is reversed and the judgment of the trial court is affirmed. This cause is remanded to the trial court for further appropriate proceedings. Costs incurred upon appeal are taxed against the defendant and surety.

HARBISON, C. J., and FONES, COOPER and DROWOTA, JJ., concur.