**IN THE SUPREME COURT OF TENNESSEE**
**AT JACKSON**

**FILED**

**FOR PUBLICATION**
**October 11, 1999**

**Filed:** _October 11, 1999_

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| APPELLEE, | ) | HARDIN COUNTY |
| | ) | |
| v. | ) | Hon. C. Creed McGinley, Judge |
| | ) | |
| ALBERT DEWAYNN PORTER, | ) | No. 02S01-9803-CC-00025 |
| | ) | |
| APPELLANT. | ) | |

FOR APPELLANT:                          FOR APPELLEE:

RICHARD W. DEBERRY                       JOHN KNOX WALKUP
Camden, TN                              Attorney General and Reporter

                                        MICHAEL E. MOORE
                                        Solicitor General

                                        ELIZABETH B. MARNEY
                                        Assistant Attorney General
                                        Nashville, TN

                                        ROBERT RADFORD
                                        District Attorney General

                                        JOHN OVERTON
                                        Assistant District Attorney
                                        Savannah, TN

# O P I N I O N

AFFIRMED                                                    HOLDER, J.

**OPINION**

We granted this appeal to determine whether the common law "procuring agent defense" has been abolished by statute. We hold that the procuring agent defense was abolished by Tenn. Code Ann. § 39-11-203(e)(2) which expressly states that "[d]efenses available under common law are hereby abolished." The trial court appropriately declined to instruct the jury on the procuring agent defense, and the defendant's conviction for selling a controlled substance was supported by the evidence.

**FACTS**

On September 30, 1994, Karla Abbott, an undercover operative for the Twenty-Fourth Judicial District Drug Task Force, and Bobby Wicker, an informant, drove to a pre-arranged location and met the defendant. The three drove to Wicker's apartment, which was across the street from the apartment where the defendant planned to obtain crack cocaine for Wicker. While en route, the transaction was discussed, and they decided to purchase an "8-ball" of cocaine.

Once they arrived, Abbott, Wicker, and the defendant entered Wicker's apartment. There, Abbott gave the defendant $250 to buy the crack cocaine. The defendant then went across the street to the residence of an individual referred to only as "Dee." The presence of certain persons in Dee's apartment apparently caused some concern, and the defendant left without making the purchase.

The defendant eventually met Dee on the street in front of the apartment and purchased the cocaine from Dee. Abbott and Wicker were able to observe the exchange of cocaine for money between Dee and the defendant. The defendant then returned to Wicker's apartment with the cocaine. He refused, however, to give the cocaine to Abbott and Wicker until they agreed to smoke some of the crack cocaine with him. The defendant helped to prepare a device used to inhale the cocaine. He and Wicker then smoked some of the crack cocaine. Abbott and Wicker then drove the defendant back to the original meeting place.

The defendant was indicted for violating Tenn. Code Ann. § 39-17-417 which provides that:

> It is an offense for a defendant to knowingly: Manufacture a controlled substance; deliver a controlled substance; sell a controlled substance; or possess a controlled substance with intent to manufacture, deliver or sell such controlled substance.

Tenn. Code Ann. § 39-17-417(a). The defendant requested the trial judge to instruct the jury on the procuring agent doctrine. The trial judge held that the "procuring agent" doctrine was a common law defense that was abolished by Tenn. Code Ann. § 39-11-203(e)(2) which provides that "[d]efenses available under the common law are hereby abolished." The trial judge declined to instruct the jury on the "procuring agent" doctrine.

The defendant's testimony indicates that he was addicted to cocaine and that he had devised a means to support his addiction. Using funds provided by persons desiring drugs, he purchased those drugs from third parties. The defendant would then share in a portion of the drugs when he delivered the

3

drugs to the persons who had supplied the money. The jury convicted the defendant of selling cocaine. A majority of the court of criminal appeals affirmed.

**ANALYSIS**

The defendant argues that the trial court erred by refusing to instruct the jury on the "procuring agent" doctrine. The defendant relies on State v. Baldwin, 867 S.W.2d 358 (Tenn. Crim. App. 1993). In Baldwin, the intermediate appellate court held that the "procuring agent" doctrine was viable as a defense when a defendant is charged with the sale of drugs. Baldwin, however, is distinguishable from the present case as the offense in Baldwin predated the Tennessee Criminal Reform Act of 1989.

With the passage of the Criminal Reform Act of 1989, the legislature made procuring or delivering a controlled substance the same crime as selling a controlled substance. Tenn. Code Ann. § 39-17-417; see generally Carter v. State, 958 S.W.2d 620 (Tenn. 1997); Schad v. Arizona, 501 U.S. 624 (1991) (holding premeditated murder and felony murder are the same crime with various means of commission). It is illogical to surmise that the legislature intended the same activity--procuring or delivering a controlled substance--to be both a violation of and a defense to the same crime. The common law defense simply cannot be reconciled logically with § 39-17-417 because the legislature has chosen to punish delivering or procuring a controlled substance in the same manner and as the same crime as selling a controlled substance.

Even if this Court were to hold that the "procuring agent" defense was not abolished by the Criminal Reform Act of 1989, the evidence was still sufficient to support the defendant's conviction for selling a controlled substance.

4

Prior to the Criminal Reform Act of 1989, the common law procuring agent defense required that the defendant/agent was in no way interested in the transaction and did not derive a benefit from the transaction. See generally State v. Carter, 636 S.W.2d 183 (Tenn. 1982); Galbreath v. State, 216 S.W.2d 689 (Tenn. 1948). Moreover, the "procuring agent" defense is generally not applicable if the defendant retains or receives part of the controlled substance involved in the transaction for his or her own personal use. Love v. State, 893 P.2d 376 (Nev. 1995).

The defendant in the case now before us had a personal interest in the drug transaction. The defendant supported his habit by acting as a middleman in drug transactions. He was not merely a disinterested or benevolent conduit for the buyer in this case. The defendant performed the transaction to obtain a "cut" of the cocaine. His actions were that of a drug-dealing middleman even though his "cut" or benefit from the transaction was in the form of drugs rather than in monetary gain. See Galbreath v. State, 216 S.W.2d 689 (Tenn. 1948) (holding receipt of cab fare sufficient financial interest). The defendant had multiple former transactions with the seller in this case. Moreover, the defendant stated to the buyer, "If you don't smoke it, I don't sell it. It's as easy as that." Clearly, the evidence indicates that the defendant was not a disinterested party and intended to receive a cut of the drugs before he consummated the sale.

## CONCLUSION

The "procuring agent" defense was abolished by Tenn. Code Ann. § 39-11-203(e)(2), and the evidence in this case is sufficient to support the defendant's conviction. Costs of this appeal shall be taxed against the defendant for which execution may issue if necessary.

_____
JANICE M. HOLDER, JUSTICE

**Concurring:**

Anderson, C.J.
Drowota, Birch, and Barker, J.J.