IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## STATE OF TENNESSEE v. HOWARD LANIER

**Direct Appeal from the Circuit Court for Dyer County**
**No. C98-221     J. Steven Stafford, Judge**

---

**No. W1999-01146-CCA-R3-CD - Decided June 28, 2000**

---

The defendant was convicted of sale of cocaine in excess of .5 grams. In this appeal, the defendant asserts that the evidence is insufficient to support his conviction because he acted merely as a procuring agent for the buyer. Because the procuring agent defense was abolished by the Criminal Reform Act of 1989, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**.

WADE, P.J., delivered the opinion of the court, in which WILLIAMS and OGLE, JJ., joined.

C. Michael Robbins (on appeal), Memphis, Tennessee, Jim W. Horner (on appeal and at trial), District Public Defender, and John W. Derington (on appeal and at trial), Assistant District Public Defender, Dyersburg, Tennessee, for the appellant, Howard Lanier.

Paul G. Summers, Attorney General & Reporter, R. Stephen Jobe, Assistant Attorney General, C. Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant, Howard Lanier, was convicted of sale of cocaine in excess of .5 grams and sentenced as a Range I offender to nine years in the Department of Correction. In this appeal of right, the defendant's sole contention is that the evidence is insufficient to sustain his conviction. We affirm the judgment of the trial court.

On February 13, 1998, Katina Cruz, acting as an undercover narcotics agent for the Dyersburg Police Department, and Angie Garner, a confidential informant, drove to the west side of Dyersburg to purchase drugs. The defendant approached Garner's pickup truck, which was being driven by Cruz, and Garner asked the defendant to "hook [them] up" with drugs. The defendant asked Garner what they needed, and when Garner responded that they were in search of "rocks," the defendant advised them that they would have to "go somewhere." Because there was no room in the cab of the truck, the defendant got into the bed and directed Cruz to drive to a house on Fair Street. The defendant went to the house, but returned and advised Cruz and Garner that no one was at home. The defendant then directed Cruz to drive to the intersection of Compress and Farrell. There, the

defendant went into a house and remained inside for five to ten minutes. When he returned to the truck, he handed six crack cocaine rocks to Garner through the window. Garner handed the crack cocaine to Cruz, who placed it in cellophane and then handed $100 to the defendant through the window. Cruz and Garner left the defendant at the house.

The defendant took the stand at trial and testified that he is addicted to crack cocaine and that he occasionally connects persons seeking to purchase the drug with dealers. After such transactions, the dealers involved usually provide him with crack cocaine for his personal use. After the sale to Cruz and Garner, the defendant received four crack cocaine rocks.

On appeal, the state is entitled to the strongest legitimate view of the evidence and all inferences which might be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 836 (Tenn. 1978). The credibility of the witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the evidence are matters entrusted exclusively to the jury as the trier of fact. Byrge v. State, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978). The relevant question is whether, after reviewing the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Tenn. R. App. P. 13(e); State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). This court may neither reweigh nor reevaluate the evidence; nor may this court substitute its inferences for those drawn by the trier of fact. Liakas v. State, 199 Tenn. 298, 286 S.W.2d 856, 859 (Tenn. 1956). The evidence is sufficient when a rational trier of fact could conclude that the defendant is guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979). When there is a challenge to the sufficiency of the evidence, the defendant has the burden of demonstrating that the evidence is not sufficient. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

The applicable statute provides, in pertinent part, as follows:

(a) It is an offense for a defendant to knowingly:
(1) Manufacture a controlled substance;
(2) Deliver a controlled substance;
(3) Sell a controlled substance; or
(4) Possess a controlled substance with intent to manufacture,
deliver or sell such controlled substance.

Tenn. Code Ann. § 39-17-417(a).

The defendant contends that the evidence is insufficient to support his conviction because it fails to show that he was anything more than a "procuring agent." Our supreme court, however, recently determined that the procuring agent defense was abolished by the Criminal Reform Act of 1989:

We hold that the procuring agent defense was abolished by Tenn. Code Ann. § 39-11-203(e)(2) which expressly states that "[d]efenses available under common law are hereby abolished."

-2-

*     *     *

> With the passage of the Criminal Reform Act of 1989, the legislature made procuring or delivering a controlled substance the same crime as selling a controlled substance. . . . It is illogical to surmise that the legislature intended the same activity – procuring or delivering a controlled substance – to be both a violation of and a defense to the same crime. The common law defense simply cannot be reconciled logically with § 39-17-417 because the legislature has chosen to punish delivering or procuring a controlled substance in the same manner and as the same crime as selling a controlled substance.

State v. Porter, 2 S.W.3d 190, 191 (Tenn. 1999) (citations omitted). Moreover, even if the procuring agent defense had not been abolished, it would not be available to the defendant in this case because he personally benefitted from the transaction at issue by receiving four crack cocaine rocks from the dealer after the consummation of the sale. See id. at 191-92 ("Prior to the Criminal Reform Act of 1989, the common law procuring agent defense required that the defendant/agent was in no way interested in the transaction and did not derive a benefit from the transaction.").

At trial, undercover agent Cruz testified that the defendant approached the truck in which she and the confidential informant were riding, that the informant asked the defendant to "hook [them] up," and that the defendant then got into the back of the truck and directed agent Cruz to drive to two different addresses in search of crack cocaine. At the second address, the defendant entered the residence and subsequently returned to the truck with six rocks of crack cocaine. He delivered the crack rocks to the confidential informant and accepted $100 in payment from agent Cruz. Lisa Mays, a special agent with the Tennessee Bureau of Investigation crime laboratory in Jackson, Tennessee, confirmed that the substance delivered to agent Cruz by the defendant was indeed crack cocaine, and further testified that the total weight of the substance was .62 grams. This evidence is more than sufficient to support a finding by a reasonable jury that the defendant is guilty of sale of cocaine in excess of .5 grams. See Tenn. Code Ann. § 39-17-417(a).

Accordingly, the judgment of the trial court is affirmed.

-3-