# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## STATE OF TENNESSEE v. DOUGLAS BOWERS

**Direct Appeal from the Circuit Court for Lincoln County**
**No. S99900047      Charles Lee, Judge**

---

**No. M1999-00778-CCA-R3-CD - Decided July 7, 2000**

---

A Lincoln County jury convicted the appellant, Douglas Bowers, of one (1) count of the delivery of 0.2 grams of cocaine, a Class C felony. The trial court sentenced the appellant as a Range II offender to nine (9) years and six (6) months incarceration. On appeal, the appellant contends that: (1) the evidence is insufficient to sustain his conviction; (2) the trial court erred in denying the appellant's request to instruct the jury on the "procuring agent defense"; and (3) the sentence imposed by the trial court was excessive. After thoroughly reviewing the record before this Court, we conclude that the state presented sufficient evidence to sustain the appellant's conviction for delivery of a Schedule II controlled substance. Furthermore, because the "procuring agent defense" has been abolished by statute, the trial court did not err in failing to so instruct the jury. Finally, we conclude that the sentence imposed by the trial court was appropriate. The judgment of the trial court is affirmed.

**T.R.A.P. 3 Appeal as of Right; Judgment of the Circuit Court of Lincoln County is Affirmed.**

SMITH, J., delivered the opinion of the court, in which WILLIAMS, J., and WEDEMEYER, J., joined.

N. Andy Myrick, Jr., Fayetteville, Tennessee attorney for the appellant, Douglas Bowers.

Paul G. Summers, Attorney General & Reporter and Clinton J. Morgan, Assistant Attorney General, Nashville, Tennessee attorneys for the appellee, State of Tennessee.

## OPINION

## FACTS

During the summer of 1998, Agent Tommy Biele of the 17th Judicial District Drug Task Force was working as an undercover officer in an ongoing drug operation in Lincoln County. On July 7, Agent Biele went to the home of Donna Sanders.[1] When he arrived, a man, later identified as Robert Kent, was sitting on the front steps of the home. Kent told Biele that Sanders was not home, but that he could help Biele locate her. Kent got into Agent Biele's vehicle, and they drove

---

[1] Agent Biele did not testify as to the exact nature of his business with Ms. Sanders.

to an apartment on Elmwood Drive in Lincoln County. After stopping inside, Kent discovered that Sanders was not there. Biele then informed Kent that he was searching for Sanders because he wanted to purchase approximately $40 in crack cocaine. Kent went inside the apartment again and returned with the appellant.

Kent and the appellant entered Agent Biele's vehicle, and Biele told the appellant that he wanted to purchase some crack cocaine. The appellant informed Biele that he had to retrieve the drugs elsewhere, so Biele gave the appellant $40, and the appellant exited the vehicle and walked away. When the appellant returned, he handed Biele what appeared to be crack cocaine and told Biele that he received the cocaine from a man named "Toby Joe." The appellant then left, and Biele gave Kent $20 for setting up the "deal." The rock substance received from the appellant was subsequently tested and determined to be 0.2 grams of cocaine base.

The appellant was indicted on one (1) count of the sale of 0.2 grams of cocaine and one (1) count of the delivery of 0.2 grams of cocaine. The jury convicted the appellant on both counts, but the trial court subsequently merged the appellant's conviction for the sale of cocaine into his conviction for the delivery of cocaine. The trial court sentenced the appellant as a Range II offender to nine (9) years and six (6) months incarceration. From his conviction and sentence, the appellant now brings this appeal.

## SUFFICIENCY OF THE EVIDENCE

In his first issue, the appellant challenges the sufficiency of the convicting evidence. First, he alleges that, because he was merely the "procurer" of the cocaine, the state failed to prove beyond a reasonable doubt that he knowingly sold cocaine to the undercover officer. Secondly, the appellant asserts that the evidence was insufficient to establish his identity as the perpetrator of the offenses.

When an appellant challenges the sufficiency of the evidence, this Court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). A jury verdict approved by the trial judge accredits the state's witnesses and resolves all conflicts in favor of the state. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992).

On appeal, the state is entitled to the strongest legitimate view of the evidence and all legitimate or reasonable inferences which may be drawn therefrom. State v. Bigbee, 885 S.W.2d at 803; State v. Harris, 839 S.W.2d at 75. This Court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the defendant demonstrates that the facts contained in the record and the inferences which may be drawn therefrom are insufficient, as a matter of law, for a rational trier of fact to find the accused guilty beyond a reasonable doubt. State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996). Accordingly, it is the appellate court's duty to affirm the conviction if the evidence, viewed under these standards, was sufficient for any rational trier of fact to have found the essential elements of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994).

The appellant firstly claims that the evidence was insufficient to prove that he knowingly sold cocaine to the undercover officer. He argues that the evidence merely establishes that he procured the cocaine from a third party named "Toby Joe," and, as he was simply an "agent," he can not be guilty of the sale of cocaine. We disagree.

The evidence showed that Agent Biele gave the appellant $40 in exchange for crack cocaine. Biele handed the money directly to the appellant, and the appellant left to retrieve the illicit drugs. Agent Biele testified that, upon the appellant's return, he placed the cocaine into the officer's hand. This evidence was sufficient for a rational trier of fact to conclude that the appellant knowingly sold cocaine to the officer. *See* State v. Phil Wilkerson, C.C.A. No. 03C01-9708-CR-00336, 1998 Tenn. Crim. App. LEXIS, at *2-3, McMinn County (Tenn. Crim. App. filed July 9, 1998, at Knoxville); State v. William (Slim) Alexander, C.C.A. No. 01C01-9302-CR-00063, 1994 Tenn. Crim. App. LEXIS 169, at *2, Davidson County (Tenn. Crim. App. filed March 24, 1994, at Nashville).

In any event, the evidence was clearly sufficient to establish that the appellant delivered the cocaine to the agent. "Delivery" is defined as the "actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship." Tenn. Code Ann. § 39-17-402(6). It is undisputed that the appellant transferred the crack cocaine to Biele, and indeed, the appellant does not contest the sufficiency of the evidence for his conviction for delivery of a controlled substance on these grounds. The appellant's conviction for the sale of cocaine was merged into his conviction for the delivery of cocaine, and the appellant was sentenced on the delivery conviction. Thus, the appellant's issue regarding the sufficiency of the evidence for his conviction for the sale of 0.2 grams of cocaine is for all practical purposes moot.

The appellant also contends that the state failed to present sufficient evidence to establish his identity as the perpetrator of the offense. However, it is well-settled that the identification of a defendant as the perpetrator of the crime is a question of fact for the jury to determine. State v. Strickland, 885 S.W.2d 85, 87 (Tenn. Crim. App. 1993). Agent Biele identified the appellant as the man to whom he gave $40 and who gave him the crack cocaine in exchange. Furthermore, Kent introduced the offender to the agent as "Douglas" or "Doug." In addition, the officer was able to view the man for several minutes during daylight hours. Biele testified that he had "no doubt" that the appellant was the same individual who sold him crack cocaine on July 7, 1998. The members of the jury had sufficient evidence before them to rationally find that the appellant was the perpetrator of the offense.

This issue is without merit.

## "PROCURING AGENT" DEFENSE JURY INSTRUCTION

The appellant argues that the trial court erred in failing to charge the jury regarding the "procuring agent defense." He maintains that the evidence presented at trial supported an inference that he was acting as Biele's agent when he obtained the cocaine. Therefore, he insists that the trial court should have granted his request to so instruct the jury.

In State v. Porter, 2 S.W.3d 190, 191 (Tenn. 1999), the defendant raised an identical issue and claimed that the trial court erred in failing to instruct the jury on the "procuring agent defense" where the evidence arguably supported such an instruction. The Supreme Court disagreed, holding that the common law "procuring agent defense" was abolished under Tenn. Code Ann. § 39-11-203(e)(2).[2] Id. at 192. The Court observed:

---

[2] Tenn Code Ann. § 39-11-203(e)(2) expressly states that "[d]efenses available under common law are hereby abolished."

-3-

[w]ith the passage of the Criminal Reform Act of 1989, the legislature made procuring or delivering a controlled substance the same crime as selling a controlled substance. Tenn. Code Ann. § 39-17-417; *see generally* Carter v. State, 958 S.W.2d 620 (Tenn. 1997); Schad v. Arizona, 501 U.S. 624, 115 L. Ed. 2d 555, 111 S. Ct. 2491 (1991) (holding premeditated murder and felony murder are the same crime with various means of commission). It is illogical to surmise that the legislature intended the same activity--procuring or delivering a controlled substance--to be both a violation of and a defense to the same crime. The common law defense simply cannot be reconciled logically with § 39-17-417 because the legislature has chosen to punish delivering or procuring a controlled substance in the same manner and as the same crime as selling a controlled substance.

Id. at 191.

The "procuring agent defense" is no longer a viable defense in this state. As a result, the trial court properly denied the appellant's request for an instruction on the "procuring agent defense."

This issue has no merit.

## SENTENCING

In his final issue, the appellant contends that the sentence imposed by the trial court was excessive. Although he does not contest the applicability of the enhancement factors considered by the trial court, he argues that the trial court improperly failed to consider several applicable mitigating factors. Accordingly, he urges this Court to set aside his sentence.

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments. In conducting our review, we are required, pursuant to Tenn. Code Ann. § 40-35-210, to consider the following factors in sentencing:

(1) [t]he evidence, if any, received at the trial and the sentencing hearing;

(2) [t]he presentence report;

(3) [t]he principles of sentencing and arguments as to sentencing alternatives;

(4) [t]he nature and characteristics of the criminal conduct involved;

(5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and

(6) [a]ny statement the defendant wishes to make in the defendant's own behalf about sentencing.

Under the 1989 Sentencing Act, the presumptive sentence is the minimum within the applicable range if no mitigating or enhancement factors for sentencing are present. Tenn. Code Ann. § 40-35-210(c); State v. Fletcher, 805 S.W.2d 785, 788 (Tenn. Crim. App. 1991). However, if such factors do exist, a trial court should start at the minimum sentence, enhance the minimum sentence within the range for enhancement factors and then reduce the sentence within the range for the mitigating factors. Tenn. Code Ann. § 40-35-210(e). No particular weight for each factor is prescribed by the statute, as the weight given to each factor is left to the discretion of the trial court as long as its findings are supported by the record. State v. Santiago, 914 S.W.2d 116, 125 (Tenn. Crim. App. 1995); *see* Tenn. Code Ann. § 40-35-210 Sentencing Commission Comments.

In imposing the appellant's sentence, the trial court found three (3) enhancement factors to be applicable: (1) the appellant has a prior history of criminal convictions or criminal behavior, Tenn. Code Ann. § 40-35-114(1); (2) the appellant was a leader in the commission of an offense involving two or more criminal actors, Tenn. Code Ann. § 40-35-114(2); and (3) the appellant has a previous unwillingness to comply with the conditions of a sentence involving release into the community, Tenn. Code Ann. § 40-35-114(8). The trial court found that no mitigating factors were applicable. After weighing the applicable enhancement factors, the trial court sentenced the appellant as a Range II offender to nine (9) years and six (6) months incarceration.

In challenging the length of his sentence, the appellant does not contest the applicability of the enhancement factors considered by the trial court. Instead, he claims that the trial court failed to consider applicable mitigating factors under Tenn. Code Ann. § 40-35-113(13). First, the appellant argues that the trial court should have considered the length of his co-defendant's sentence as a mitigating factor. According to the appellant, Robert Kent was also charged in connection with this offense, but was allowed to plead guilty to a misdemeanor and received a nine (9) month sentence. He alleges that the state offered him an identical plea bargain, but he chose to have a trial instead. The appellant, therefore, maintains that the gross disparity between his and his co-defendant's sentences should have been considered by the trial court as a mitigating factor. However, there is no evidence in the record, other than the appellant's testimony at the sentencing hearing, to substantiate the claim that Robert Kent was charged with the sale of cocaine, but subsequently pled guilty to a misdemeanor and received a nine (9) month sentence. Thus, even assuming that his co-defendant's sentence would be an appropriate mitigating factor, the record does not support such a mitigating factor.

The appellant further asserts that the trial court should have considered as a mitigating factor that the amount of cocaine involved in this case was small. However, this Court has previously found a similar argument to be "totally devoid of merit." State v. Tony Bryant, C.C.A. No. 288, 1991 Tenn. Crim. App. LEXIS 307, at *2, Bradley County (Tenn. Crim. App. filed April 15, 1991, at Knoxville), *perm. to app. denied* (Tenn. August 5, 1991). The trial court did not err in failing to consider the amount of the cocaine sold as a mitigating factor.

Finally, the appellant contends that the trial court should have considered that the appellant was employed at the time of the offense. In State v. Keel, 882 S.W.2d 410, 423 (Tenn. Crim. App. 1994), this Court stated, "[e]very citizen in this state is expected to have a stable work history if the

-5-

economy permits the citizen to work, the citizen is not disabled, or the citizen is not independently wealthy." The appellant is, therefore, not entitled to a reduction in his sentence because he was employed at the time he engaged in criminal conduct.

The trial court properly rejected the mitigating factors submitted by the appellant. Furthermore, the trial court found three (3) enhancement factors to be applicable, which the appellant does not contest. After weighing the proper enhancement factors, the trial court sentenced the appellant to nine (9) years and six (6) months. We conclude that the trial court imposed an appropriate sentence.

This issue is without merit.

## CONCLUSION

After thoroughly reviewing the record before this Court, we conclude that there is no reversible error. Accordingly, the judgment of the trial court is affirmed.