IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 15, 2001

## STATE OF TENNESSEE v. GRADY PAUL GATLIN

**Appeal from the Circuit Court for Marshall County**
**No. 14186     Charles Lee, Judge**

---

**No. M2000-02356-CCA-R3-CD - Filed September 25, 2001**

---

JOE G. RILEY, J., dissenting.

I, like Judge Witt, respectfully disagree with Judge Welles' conclusion that the trial court committed reversible error by failing to charge "casual exchange" as a lesser-included offense of possession with intent to sell. However, I also respectfully disagree with Judge Witt's conclusion that the failure to give the casual exchange inference instruction was plain error. I would affirm.

The trial court did charge "simple possession" as a lesser-included offense. Tenn. Code Ann. § 39-17-418(a) provides that it is unlawful to "knowingly possess or casually exchange" a controlled substance. Our supreme court has concluded that the legislature treats "delivering . . . a controlled substance in the same manner and as the same crime as selling a controlled substance," even though delivery and sale are separately listed in the statute. State v. Porter, 2 S.W.3d 190, 191 (Tenn. 1999) (interpreting Tenn. Code Ann. § 39-17-417(a)(2) and (3)). Likewise, I believe simple possession and casual exchange are the same crime; one cannot be convicted of both. They represent different ways of committing the same crime.

By charging "simple possession," the trial court charged the lesser-included offense. Defendant's complaint can only be that the trial court did not give as part of the instruction the "inference" provision which states that a "casual exchange among individuals of a small amount of a controlled substance" may give rise to an inference that the substances were not possessed with the intent to sell. Tenn. Code Ann. § 39-17-419; *see also* T. P. I. – CRIM. 31.05 (5th ed. 2000).

However, this alleged erroneous omission of the "inference" part of the simple possession charge is not plain error. The record contains no request for this charge, and it was not brought to the attention of the trial court in the motion for new trial. Furthermore, final argument of counsel is not in the record. Since the crucial issue in this case was whether the drugs were possessed for resale versus for personal use, I would expect defense counsel to have argued that, at most, the facts

would support only simple possession.  Thus, I am unconvinced that defendant suffered any prejudice.

I would find no plain error in the jury charge and affirm the judgment of the trial court.


_____
JOE G. RILEY, JUDGE