

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-038-CV

IN THE INTEREST OF K.J.M., K.H.M., AND A.K.M.

------------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Bobbi J. M. is attempting to appeal the trial court's order sustaining a contest to her claim of indigence filed in connection with a child support enforcement action. Because this order is not appealable, we dismiss the appeal for want of jurisdiction.

On August 8, 2007, the trial court entered an "Order of Enforcement by Contempt and Suspension of Commitment" against appellant; appellant subsequently asked the trial court to appoint her an attorney to file a petition

---

[1]*See* TEX. R. APP. P. 47.4.

for writ of habeas corpus. The trial court found that appellant was indigent and signed an order appointing her counsel on September 27, 2007. Appellant's ex-husband then filed a contest to her claim of indigence. The trial court heard the contest on November 15, 2007, and found that appellant is not indigent and is not entitled to a court-appointed attorney to pursue a writ of habeas corpus with regard to the contempt order. Appellant then filed a notice of appeal challenging the trial court's refusal to provide her with a court-appointed attorney.[2]

On February 4, 2008, this court notified appellant of our concern that the court lacked jurisdiction over this appeal because the order does not appear to be an appealable order or judgment. We informed appellant that unless she or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal, the appeal would be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). We have received no response.

A party may appeal only from a final judgment or an interlocutory order specifically made appealable by statute or rule. *Lehmann v. Har-Con Corp.*, 39

---

[2]This court received appellant's notice of appeal on November 29, 2007, but the trial court did not sign a written order on the ex-husband's contest to appellant's claim of indigence until January 18, 2008. Therefore, her prematurely filed notice of appeal was effective and deemed filed on the same day that the trial court signed the complained-of order. *See* TEX. R. APP. P. 27.1(a).

2

S.W.3d 191, 195 & n.12 (Tex. 2001); *see, e.g.*, TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (Vernon Supp. 2007) (listing appealable interlocutory orders). The trial court's "Order Sustaining Contest to Finding Regarding Indigence" for purposes of appellant's contemplated habeas proceeding is not a final judgment, nor is there any statute or rule authorizing an appeal from such an order.[3] Therefore, because there is no final judgment or appealable interlocutory order, we dismiss this case for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f).

PER CURIAM

PANEL D:   MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.

DELIVERED: March 13, 2008

---

[3]In contrast, a trial court's indigency ruling within the context of an already pending appeal is appealable. *See In re Arroyo*, 988 S.W.2d 737, 738-39 (Tex. 1998) (orig. proceeding).

3