In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-19-00036-CV
_____

**CLOTILDE EAKER, Appellant**

**V.**

**JOHN MANGIAMELI, JOSEPH L. MANGIAMELI, JAMES H. STILWELL, MARTIN, EARL & STILWELL, LLP, AND THE JOLE P. EAKER IRREVOCABLE TRUST, Appellees**

**On Appeal from the County Court at Law No. 2**
**Montgomery County, Texas**
**Trial Cause No. 17-30341**

**MEMORANDUM OPINION**

Appellant Clotilde Eaker filed a notice of appeal from three orders ruling on appellees' two motions for partial summary judgment, Eaker's cross-motion for summary judgment, and appellees' motion for summary judgment as to Eaker's cause of action for declaratory judgment. The appellees filed a motion to dismiss Eaker's appeal, arguing that the appeal is premature because it relates to interlocutory orders. According to appellees' motion, Eaker's cause of action for

declaratory relief related to a mediated settlement agreement and "allegations of breach of fiduciary duty and gross negligence." Appellees asserted that they obtained a dismissal of the claims against James H. Stilwell and Martin, Earl, & Stilwell, LLP, pursuant to Rule 91a and they contend that they also sought a recovery of their attorney's fees. *See* Tex. R. Civ. P. 91a. According to appellees, Eaker's appeal is premature because it pertains to three "interlocutory partial summary judgment orders." In addition, appellees asserted that the motions for partial summary judgment "only tackled a single part of the case[,]" and that none of the appellees' motions sought summary judgment as to the claim for attorney's fees, which remains pending.

Eaker then filed a motion to abate the appeal, in which she states that the trial court's "series of judgments" constitutes a "substantive" disposition of the case. Eaker concedes that the motions were captioned as partial motions for summary judgment, but she points out that a pleading's effect rather than how it is captioned is controlling. Appellees filed a response to Eaker's motion to abate, in which it reasserts its position that the orders at issue are not appealable because none of the orders address appellees' claim for attorney's fees.

Generally, appellate courts review only final judgments and interlocutory orders specifically made appealable by statute. *Lehmann v. Har-Con Corp.*, 39

2

S.W.3d 191, 195 (Tex. 2001). The trial court has not authorized a permissive appeal in this matter and there is no indication in the record that a final judgment is imminent. *See N.Y. Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 678-79 (Tex. 1990) (concluding that the Court of Appeals erred by assuming jurisdiction over an appeal in which the defendant's counterclaim for attorney's fees remained pending). Eaker also has not demonstrated that the judgments are appealable because they ended a discrete phase of a probate proceeding. *See In re Guardianship of Murphy*, 1 S.W.3d 171, 172-73 (Tex. App.—Fort Worth 1999, no pet.) (explaining that when an order ends a discrete phase of a probate proceeding, it is a final and appealable order). We conclude that the three orders ruling on appellees' two motions for partial summary judgment, Eaker's cross-motion for summary judgment, and appellees' motion for summary judgment as to Eaker's cause of action for declaratory judgment are interlocutory and are not final appealable orders. Accordingly, we dismiss the appeal for lack of jurisdiction. *See* Tex. R. App. P. 43.2(f).

APPEAL DISMISSED.

_____
LEANNE JOHNSON
Justice

Submitted on March 27, 2019
Opinion Delivered March 28, 2019

Before McKeithen, C.J., Kreger and Johnson, JJ.

3