

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-25-00119-CV
_____

IN THE ESTATE OF THOMAS DONIVER FUGLER, JR., DECEASED

On Appeal from the County Court at Law
Harrison County, Texas
Trial Court No. 2025-19353-CCL

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

The underlying action in this appeal is a probate proceeding. On November 5, 2025, Appellant, Christy Lynne Powell, filed a notice seeking to appeal the trial court's order granting a motion to strike and for sanctions,[1] which was filed by a party to the probate proceedings. Powell also appeals the trial court's order denying her motion to vacate the order on the motion to strike and motion for sanctions. Powell, who is the decedent's stepdaughter, did not claim to be a party to the underlying probate proceedings.[2]

On February 27, 2026, the Court sent Powell a letter questioning her standing to appeal the complained-of orders and also giving her an opportunity to demonstrate how we have jurisdiction over this appeal. On March 2, 2026, Powell filed a response to our letter stating that she was an aggrieved party with standing to appeal. She also maintained, without citing to legal authority, that this Court had jurisdiction "[b]ecause the appealed orders adjudicate [her] conduct, impose personal monetary liability, and finally disposes of all issues concerning her liability."

Generally, an appellate court has jurisdiction to hear an appeal only in the event it is taken from a final judgment or if it falls under the list of appealable interlocutory orders. *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) (citing *Lehmann v. Har–Con Corp.*, 39

---

[1]In its order, the trial court determined the following findings: (1) Powell filed a pleading entitled "Notice of Possible Fraud and Concealment" on October 29, 2025; (2) Powell lacked standing in the probate proceeding; (3) Powell's "pleading was groundless and brought in bad faith and for the purpose of harass[ing]" a party and her counsel; (4) the aggrieved-party incurred attorney fees in the amount of $750.00 directly caused by Powell filing the improper pleading; and (5) sanctions were appropriate to deter such conduct in the future. The trial court struck Powell's pleading and ordered her to pay $750.00 in sanctions.

[2]Powell states in her response to the party's motion to strike and for sanctions that she "has **not asserted any claim, not requested any relief**, and **not intervened** in the probate proceeding."

2

S.W.3d 191, 195 (Tex. 2001), *superseded by statute on other grounds by Indus. Specialists, LLC v. Blanchard Refining Co.*, 652 S.W.3d 11 (Tex. 2022)); *Goodchild v. Bombardier-Rotax GMBH Motorenfabrik*, 979 S.W.2d 1, 5 (Tex. App.—Houston [14th Dist.] 1998, pet. denied) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 51.014). We note, however, that "[p]robate proceedings are an exception to the 'one final judgment' rule; in such cases, 'multiple judgments final for purposes of appeal can be rendered on certain discrete issues.'" *De Ayala*, 193 S.W.3d at 578 (quoting *Lehmann*, 39 S.W.3d at 192). Even assuming, without finding, that Powell is a party to the underlying probate proceeding, she does not provide any authority to show that her asserted grievance falls within any of those "discrete issues."

Furthermore, "appellate standing is typically afforded 'only to parties of record.'" *State v. Naylor*, 466 S.W.3d 783, 787 (Tex. 2015) (orig. proceeding) (quoting *Gunn v. Cavanaugh*, 391 S.W.2d 723, 724–25 (Tex. 1965)); *see City of Houston v. Chambers*, 899 S.W.2d 306, 308 (Tex. App.—Houston [14th Dist.] 1995, orig. proceeding) (concluding that because the City was a nonparty to the lawsuit giving rise to the sanctions order, it could not "bring an appeal to complain about the imposition of sanctions"). Here, Powell, a non-party, seeks to appeal a sanctions order issued against her in a probate proceeding. Yet she fails to demonstrate that, under the present set of circumstances, a direct appeal is the appropriate avenue in which to pursue her requested relief.

Accordingly, we dismiss this appeal for want of jurisdiction.


Charles van Cleef
Justice

Date Submitted:     March 16, 2026
Date Decided:       March 17, 2026

4